POLO ET AL., DEMANDANTES Y APELADAS, *v.* FERNÁNDEZ GÓMEZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de escritura de hipoteca y otros extremos.

No. 1941.—Resuelto en enero 31, 1919.

DESESTIMACIÓN DE APELACIÓN—JURISDICCIÓN DE LA CORTE SUPREMA—APELACIONES DE CASOS PROCEDENTES DE CORTES MUNICIPALES.—En este caso, que tuvo su origen en la Corte Municipal de Caguas, los apelados solicitaron la desestimación del recurso fundándose: 1°., en que, según sus alegaciones y las conclusiones de la corte inferior, el valor de la finca objeto de la hipoteca cuya nulidad piden las demandantes-apeladas es inferior a $300, por cuya razón alegaron que esta Corte Suprema carece de jurisdicción; 2°., en que los demandados no han proseguido la apelación con la debida diligencia. *Se resolvió:* que habiéndose constituído la hipoteca para garantizar un préstamo de $251 con más $100 para costas en caso de reclamación judicial, y habiendo adquirido el demandado-apelante la finca hipotecada por $355.65, debe estimarse que la cuantía del pleito excede de trescientos pesos y, por tanto, que de acuerdo con el No. 2 del artículo 295 del Código de Enjuiciamiento Civil, esta Corte Suprema tiene jurisdicción para conocer del recurso, cuya deses-

timación tampoco procede por falta de diligencia en su tramitación, porque el apelante actuó siempre con el consentimiento de la corte inferior y archivó la transcripción de los autos con anterioridad a la vista de la moción.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Arturo Aponte, Jr.*

Abogado de las apeladas: *Sr. Joaquín Vendrell.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La parte apelada ha solicitado la desestimación del recurso basándose en la cuantía de la cosa litigiosa y en la negligencia de la parte apelante en su tramitación.

Se trata de un pleito originado en la Corte Municipal de Caguas y seguido por María Polo García y otros contra Baldomero Fernández Gómez y otros sobre nulidad de escritura de hipoteca y otros extremos. Dictada sentencia por la corte municipal, se apeló de ella para ante la corte de distrito y, celebrado el juicio de nuevo, quedó el pleito resuelto en favor de las demandantes por sentencia de 24 de agosto de 1917. El demandado Fernández apeló radicando su escrito el 25 de agosto de 1917. Solicitó y obtuvo varias prórrogas y finalmente archivó el proyecto de exposición del caso el 30 de septiembre de 1918. Así las cosas, la parte apelada solicitó la desestimación del recurso por los motivos indicados. El apelante se opuso y el mismo día de la celebración de la vista de la moción, archivó la transcripción de los autos que contiene treinta y dos páginas.

El pleito como se ha dicho se titula sobre nulidad de hipoteca y otros extremos. Las demandantes alegaron y probaron en el juicio, según la corte sentenciadora, que en unión del demandado Luis Polo eran dueñas de una finca que valía $295.96, y que el demandado Luis Polo sin su consentimiento y titulándose dueño absoluto de la finca la hipotecó al otro demandado Fernández para garantir el pago de un préstamo de $251, extendiéndose la hipoteca a cien pesos más para costas en caso de ejecución. La hipoteca fué ejecutada y en la subasta el dicho demandado Fernández ad-

quirió la finca por $355.65. Fernández tramitó entonces un expediente posesorio y obtenida su aprobación lo inscribió en el registro de la propiedad. Por otro lado las demandantes tramitaron un expediente de dominio sobre la misma finca que fué también aprobado. La corte de distrito decidió que el título de las demandantes era superior al del demandado Fernández. También decidió que el valor de la finca era el de $295.96.

La ley permite apelar para ante la corte de distrito correspondiente de todas las sentencias dictadas por las cortes municipales, pero sólo cuando el valor de la cosa reclamada o cuantía de la reclamación, sin comprender frutos o intereses, exceda de trescientos pesos, puede apelarse para ante este Tribunal Supremo de la sentencia que pronuncie la corte de distrito en tales casos. Véase el artículo 295, No. 2, del Código de Enjuiciamiento Civil. Compendio de 1911, página 901.

La parte apelada sostiene que siendo el valor de la finca $295.96, carece de jurisdicción esta Corte Suprema para conocer del recurso. La parte apelante alega que el pleito versa sobre nulidad de hipoteca y que siendo la cuantía de la hipoteca superior a trescientos pesos, la jurisdicción de esta corte es clara. Dicha parte alega además que la venta judicial de la finca fué por $355.65.

Hay, pues, dos bases para determinar la jurisdicción. Si las demandantes fueran las que hubieran establecido el recurso, la cuestión sería sencilla puesto que dirigiéndose su reclamación en último extremo a recuperar sus condominios en una finca cuyo valor ellas mismas fijaron en menos de trescientos pesos, claro es que estarían impedidas de sostener luego lo contrario. Pero el apelante es Fernández o sea el dueño de la hipoteca cuya cuantía es superior a trescientos pesos y el adquirente de la finca por una cantidad también superior a trescientos pesos, y siendo esto así, sería injusto negarle el beneficio de una apelación basándose precisamente

en que la cuantía envuelta es inferior a trescientos pesos, cuando de los documentos aparece que él desembolsó una cantidad mayor para adquirir la finca en disputa.

En cuanto a la negligencia de la parte apelante en la tramitación del recurso, si bien es cierto que ha tardado más de lo justo, también lo es que actuó siempre con el consentimiento de la corte inferior y que cuando la vista de la moción que estudiamos se llevó a efecto, ya constaba archivada la transcripción de los autos en la secretaría de esta Corte Suprema.

Habiendo en consideración todo lo expuesto opinamos que no procede la desestimación del recurso.

> *Declarada sin lugar la moción de desestimación de apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.